# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1606-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

A.O.,

    Defendant-Appellant.

_____

> Submitted May 23, 2017 — Decided August 24, 2017
>
> Before Judges Koblitz, Rothstadt and Mayer.
>
> On appeal from Superior Court of New Jersey,
> Law Division, Sussex County, Indictment No.
> 05-02-0058.
>
> Joseph E. Krakora, Public Defender, attorney
> for appellant (Rasheedah Terry, Designated
> Counsel, on the brief).
>
> Francis A. Koch, Sussex County Prosecutor,
> attorney for respondent (Shaina Brenner,
> Assistant Prosecutor, of counsel and on the
> brief).

PER CURIAM

Defendant A.O.[1] appeals from the Law Division's September 10, 2015 denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

Defendant was charged in an indictment with committing various sexual assaults upon two of his minor relatives, the details of which need not be repeated here for our purposes. He was convicted by a jury of two counts each of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1), second-degree sexual assault, N.J.S.A. 2C:14-2(b), and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). On May 3, 2007, the sentencing court imposed an aggregate sentence of thirty years imprisonment with ten years of parole eligibility and parole supervision for life.[2]

Defendant appealed and we affirmed his conviction and sentence in an unpublished opinion, remanding only for reconsideration of the parole ineligibility period. See State v.

---

[1] We use initials to protect the identities of defendant's victims.

[2] The court entered an amended judgment of conviction on July 3, 2007, to clarify that defendant's conviction subjected him to parole supervision for life, N.J.S.A. 2C:43-6.4, and not community supervision for life.

A.O., No. A-5305-06 (App. Div. February 3, 2009). On remand, the court entered an amended judgment of conviction on September 17, 2009, with no change to defendant's sentence or parole ineligibility period.[3] Defendant appealed, and an excessive sentencing panel of this court affirmed his sentence on September 22, 2010. Defendant did not seek certification from the Supreme Court.

Defendant filed a pro se PCR petition on June 3, 2014, in which he argued his trial attorney provided him with ineffective assistance of counsel. According to defendant, counsel failed to appeal after resentencing, defendant was illegally sentenced to parole supervision for life, and defense counsel improperly handled the admissibility of his taped statement to police.[4] On June 12, 2015, defendant, through counsel, filed a certification in support of his petition that stated trial counsel also failed to investigate the dates when the alleged assaults occurred, failed to properly address issues surrounding an allegation of bias as to one juror, failed to thoroughly place on the record that the victim had reported seeing ghosts, and failed to communicate with

---

[3] The record does not include a transcript from the hearing on remand.

[4] We addressed the admissibility of the statement on direct appeal. A.O., supra, slip op. at 15-16.

him regarding his appeals and the time for filing a PCR petition. Defendant also contended that his attorney "lied to [him] for 3 1/2 years about everything."

PCR counsel filed a brief in further support of defendant's petition, arguing that defendant's petition was not barred by Rule 3:22, "as [he] assert[ed] constitutional issues arising under the state and federal constitutions"; and, his "failure to file his petition within five years of his conviction was due to excusable neglect and . . . the interests of justice warrant[ed] relaxation of the time bar." He further contended that defendant established a "prima facie" claim of ineffective assistance of trial and appellate counsel and, therefore, was entitled to an evidentiary hearing.

Judge Thomas J. Critchley, who had presided over defendant's trial and sentenced him, considered oral argument on September 10, 2015, and denied defendant's PCR petition without an evidentiary hearing. In his comprehensive statement of reasons placed on the record on the same date, Judge Critchley found defendant's PCR petition was procedurally barred by Rule 3:22-12(a), as it was brought more than five years after the entry of defendant's judgment of conviction and defendant failed to establish any excusable neglect. Judge Critchley also found that some of the

issues raised by defendant had been considered on direct appeal and were procedurally barred from PCR.[5]

The judge also considered the merits of defendant's petition and concluded that, even if the petition had been timely filed, defendant failed to establish a prima facie case of ineffective assistance of counsel and accordingly was not entitled to an evidentiary hearing or any relief. Judge Critchley noted that defendant's factual assertions were unsupported by the record and were "vague and speculative." Regarding the juror issue, the judge found no merit to the claim because the juror served only as an alternate and did not deliberate pursuant to an agreement reached by the parties at trial. Moreover, he found "the argument that there was taint of the balance of the jurors [to be] much too speculative."

Defendant presents the following issues for our consideration on appeal.

> POINT I
>
> THE PCR COURT ABUSED ITS DISCRETION WHEN THE COURT FOUND THAT [Rule] 3:22-12(a) BARRED DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF.
>
> A. Defendant Presented Sufficient Facts To Show Excusable Neglect.

---

[5] See R. 3:22-5.

B. The Enforcement Of The Time Bar Would Result In Fundamental Unfairness.

POINT II

THE PCR COURT'S ORDER THAT DENIED DEFENDANTS PETITION FOR POST-CONVICTIOIN RELIEF MUST BE REVERSED BECAUSE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN THE PROCEEDINGS BELOW.

A. Trial Counsel Approved The Trial Court's Decision To Forgo A Complete Investigation Into Allegations Of Misconduct By Juror No. [Seven].

B. Trial Counsel Failed To Perform Adequate Investigation.

C. Defendant Received Ineffective Assistance of Counsel In Connection With His Appeal And On Post-Conviction Relief.

POINT III

THE PCR COURT ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE FOR INEFFECTIVE ASSISTANCE OF COUNSEL.

We are not persuaded by any of these arguments and find them to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons expressed by Judge Critchley in his oral decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1606-15T4